**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00403-RM-BNB

HUGH WALTON,

    Applicant,

v.

FRANCIS FALK, Warden, L.C.F., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

**ORDER TO DISMISS IN PART AND FOR ANSWER**

---

    Applicant, Hugh Walton, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Walton, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction in Case No. 98CR2420 in Arapahoe County, Colorado, district court. He paid the $5.00 filing fee.

    In an order entered on February 15, 2013, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those affirmative defenses in this action. On March 19, 2013, after being granted an extension of time, Respondents filed their pre-answer response (ECF No. 9). On May 13, 2013, Mr. Walton filed a reply (ECF No. 15) to the pre-answer response.

The Court must construe Mr. Walton's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

## I. Background and State Court Proceedings

Mr. Walton was convicted by a jury in Arapahoe County District Court Case No. 98CR2420 on two counts of aggravated robbery, one count of theft, two counts of menacing, and one count of crime of violence. ECF No. 9, ex. B (*People v. Walton*, No. 01CA2119 (Colo. Ct. App. May 13, 2004) (unpublished)) at 2. Following the trial court's determination that Mr. Walton had been convicted of felonies on four prior occasions, he was sentenced as an habitual offender to an aggregate term of 128 years of imprisonment in the DOC. ECF No. 9, ex. B at 3.

On May 13, 2004, Mr. Walton's convictions and sentence were affirmed on direct appeal. ECF No. 9, ex. B. On December 10, 2004, he filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, ECF No. 9, ex. A at 17, which the trial court appears to have denied on August 25, 2005. ECF No. 9, ex. A at 16. On appeal, the Colorado Court of Appeals on May 31, 2007, affirmed in part, reversed in part, and remanded the case for a hearing on a claim of ineffective assistance of trial counsel. *People v. Walton*, No. 05CA2262 (Colo. Ct. App. May 31, 2007), published at 167 P.3d 163 (Colo. Ct. App. 2007). On June 1, 2010, after three days of hearings, the trial court denied the claim. ECF No. 9, ex. A at 10. On August 30, 2012, the Colorado Court of Appeals affirmed. ECF No. 9, ex. C (*People v. Walton*, No. 10CA1298) (Colo. Ct. App. Aug. 30, 2012) (unpublished)). On January 28, 2013, the Colorado Supreme Court denied certiorari review. ECF No. 9, ex. N.

On February 14, 2013, Mr. Walton filed a habeas corpus application with the Court. Respondents concede the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, the Court need not address further the one-year limitation period. Mr. Walton asserts ten claims. They are:

> (1) The police continued to question Applicant after he expressed a desire to cease speaking with them and not answer questions without an attorney present. This violated his rights as required by the Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966) to:
>
> > (a) remain silent and
> >
> > (b) have counsel present. ECF No. 1 at 5.
>
> (2) Applicant's Sixth Amendment right to counsel was violated when the police failed to provide an attorney and instead continued questioning him after he invoked his right to counsel during interrogation. *Id.* at 6.
>
> (3) The Fourteenth Amendment was violated by the introduction at trial of the statements Applicant made to the police following his alleged requests to remain silent and speak with an attorney. *Id.*
>
> (4) Applicant was denied due process and a fair trial by the introduction at trial of identification evidence based on unduly suggestive procedures. *Id.* at 7.
>
> (5) Applicant was denied due process by the introduction at trial of evidence of other robberies he committed. *Id.*
>
> (6) Applicant's rights to testify and to present a defense were violated when the trial court:
>
> > (a) limited some of his answers on cross-examination to "yes" or "no," and
> >
> > (b) did not allow him to testify concerning the circumstances surrounding one of his prior felony convictions. *Id.*

>    (7) Ineffective assistance of counsel based on trial counsel's failure to:
>
>    (a) challenge Applicant's detention under the Interstate Agreement on Detainers Act,
>
>    (b) argue that Applicant was denied his Sixth Amendment right to counsel by the police's failure to abide by Applicant's request to have counsel present during his initial interrogation, and
>
>    (c) sufficiently investigate and present exculpatory evidence. *Id.* at 8.
>
>    (8) Applicant's right to due process and a fair trial was violated when the deputy supervising him at trial made him wear a "shock belt" and told him he would be shocked if he moved to view the evidence or communicate with his attorney. *Id.* at 9.
>
>    (9) Applicant's right to a fair trial before an impartial jury was violated by the trial court's substitution of a juror with an alternate juror "without advising Mr. Walton or defense counsel and/or allowing Mr. Walton all procedural protections allowed by State law/statutes." *Id.*
>
>    (10) Applicant was denied due process and his right to counsel on direct appeal by the Colorado Court of Appeals' refusal to consider claims Applicant raised in a postconviction motion on the ground that those claims could have been raised on direct appeal. This was unconstitutional, Applicant contends, because the rule prohibiting such claims did not exist at the time of his direct appeal. *Id.* at 9-10.

As a threshold matter, Respondents argue Mr. Walton's claim 10 fails to allege a violation of federal law and, therefore, fails to invoke the jurisdiction of this Court. In claim 10, Mr. Walton argues he was denied due process and the right to counsel on direct appeal by the state court's failure to consider, on postconviction appeal, claims that he could have raised on direct appeal. *See Walton*, 167 P.3d at 169; Colo. R.

Crim. P. 35(c)(3)(VII) (district courts must deny postconviction claims that could have been, but were not, raised in a prior direct appeal). Mr. Walton maintains that the rule prohibiting such claims did not exist at the time of his direct appeal. *See People v. Versteeg*, 165 P.3d 760, 763 (Colo. Ct. App. 2006) (rule applies to postconviction motions filed after July 1, 2004).

Mr. Walton does not allege he was prevented from raising claims on direct appeal. Rather, he implies he would have raised them on direct appeal if, at the time, he had known he would be prevented from raising them in a postconviction motion.

Despite how he characterizes claim 10, Mr. Walton attacks the state's postconviction procedures, because state procedural rules prohibited consideration of his claims on postconviction review. As previously stated, Respondents contend the claim may not be raised in this habeas corpus action because it does not raise a federal constitutional issue. Respondents are correct because there is no federal constitutional right to postconviction review in the state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987).

Although in *Martínez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court held that in certain circumstances the lack of counsel in a postconviction proceeding can constitute an excuse for a procedural default, *Finley* still governs and the appointment of counsel is not constitutionally required in a collateral proceeding. As a result, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as applied

to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding"). Mr. Walton's tenth claim relates solely to the state court postconviction proceedings and does not implicate the validity of the state court conviction under attack in this action. Therefore, claim 10 will be dismissed for failure to present a cognizable federal constitutional issue.

## II. Exhaustion and Procedural Default

### A. Exhaustion

Respondents concede that claims 1(b), 3, 4, 5, 6(a), 6(b), and 7(a) are exhausted. They contend claim 7(c) is not exhausted because Mr. Walton failed to present the claim to the Colorado Supreme Court.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal

6

quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). The requirement of exhaustion of state remedies in federal habeas cases dictates that a state prisoner must "give the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

Respondents are correct that, in order to exhaust state court remedies, a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id*. at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been presented to the Court of Appeals or Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

Colo. App. R. 51.1. Pursuant to Colo. App. R. 51.1, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. *See, e.g., Valenzuela v. Medina*, No. 10-cv-02681-BNB, 2011 WL 805787, at *4 (D. Colo. Feb. 28, 2011). As Respondents concede, Mr. Walton fairly presented claim 7(c) to the Colorado Court of Appeals in his Colo. R. Crim. P. 35(c) postconviction motion, and the Colorado Court of Appeals rejected the claim on its merits. *See* ECF No. 9 at 17; *Walton*, 167 P.3d at 169. Therefore, the Court finds that claim 7(c) is exhausted, and the Court is not persuaded by Respondents' arguments that a petition for writ of certiorari still is necessary to exhaust state remedies in Colorado. The Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002);

and *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). Therefore, the Court finds that claim 7(c) is exhausted.

### B. Procedural Default

Respondents contend claims 1(a), 2, 7(b), 8, and 9 are procedurally defaulted.

If a habeas applicant "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Harris v. Reed*, 489 U.S. 255, 269-70 (1989)); *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) ("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it.") (citation omitted). A claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and adequate state procedural ground, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted).

Application of this procedural-default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman*, 501 U.S. at 730. Mr. Walton's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Walton must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McClesky v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted). If Mr. Walton can demonstrate cause, he also must show "actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Walton first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* He then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

In his reply, Mr. Walton relies on *Martínez v. Ryan*, 132 S. Ct. 1309 (2012), as the reason he failed to exhaust the claims Respondents contend are procedurally defaulted. In *Martínez*, the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a postconviction proceeding, then the

absence of postconviction counsel, or ineffective assistance of post-conviction counsel, in the postconviction proceeding can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel. *Id.* at 1318.

The Court does not agree that *Martínez* applies to Mr. Walton's claims that Respondents contend are unexhausted and procedurally barred. Claims 1(a), 2, 8, and 9 are not ineffective-assistance-of-trial counsel claims to which *Martínez* arguably might apply. Only claim 7(b) alleges ineffective assistance of counsel and, for the reasons stated below, the Court finds that claim 7(b) is exhausted. *Martínez* does not apply to exhausted claims.

### III. Claims

Claims 1(a) and 2, discussed below, are based on similar facts.

### Claim 1(a)

In claim 1(a) Mr. Walton argues that his rights under the Fifth Amendment and *Miranda* were violated when the police continued to question him after he expressed a desire to remain silent. ECF No. 1 at 5. Respondents argue Mr. Walton procedurally defaulted claim 1(a) because he did not raise the claim in the trial court. The Court agrees.

In Colorado, suppression arguments requiring factual development must be raised in the trial court to be considered on appeal. A party's failure to do so prohibits appellate review, both practically and as a matter of procedure. *See People v. Martínez*, 200 P.3d 1053, 1055 n.1 (Colo. 2009) (en banc) (refusing to consider prosecution's suppression argument because it was not raised in trial court); *People v. Salazar*, 964 P.2d 502, 507 (Colo. 1998) (en banc) (same, noting the argument required additional factual development); *People v. Davis*, 903 P.2d 1, 3 n.5 (Colo. 1995) (en

banc) (same); *People v. Barrus*, 232 P.3d 264, 270 (Colo. Ct. App. 2009) (appellate court refused to address defendant's suppression argument not raised in trial court).

If an appellate record contains sufficient factual development to allow review of a suppression argument not raised below, a Colorado appellate court may, in the exercise of its discretion, consider the argument. *People v. Aarness*, 150 P.3d 1271, 1277 (Colo. 2006) (en banc). However, the general rule that issues not raised in or decided by a lower court will not be addressed for the first time on appeal can serve as an adequate bar to federal habeas review so long as the state procedural rule is "firmly established and regularly followed." *See Beard v. Kindler*, 558 U.S. 53, 60-61 (2009) (citation and internal quotation marks omitted). Even if the sufficient development of facts in a district court may, at times, result in an argument being considered as an "occasional act of grace," that is not enough to render the rule inadequate, as long as the rule has been applied in the "vast majority of cases." *Andrews v. Deland*, 943 F.2d 1162, 1188 n.40, 1190 (10th Cir. 1991).

When Mr. Walton raised claim 1(a) on direct appeal before the Colorado Court of Appeals, the state appeals court refused to consider the claim because it had not been argued in the trial court below. ECF No. 9, ex. B at 4. Because Mr. Walton failed to assert the claim 1(a) argument in his motion to suppress statements or during the suppression hearing itself, as the Colorado Court of Appeals noted, there was insufficient development of facts in the district court to consider the argument as an "occasional act of grace." *See Andrews*, 943 F.2d at 1190. The state appeals court's refusal to consider the claim constitutes an independent and adequate state ground on which the claim was denied. As previously stated, a claim is precluded from federal habeas review if the claim has been defaulted in state court on an independent and

12

adequate state procedural ground, unless the prisoner can demonstrate cause for the

default and actual prejudice as a result of the federal violation, or demonstrate that

failure to consider the claim will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *Cummings*, 506 F.3d at 1224.  Mr. Walton fails to do so.

Therefore, claim 1(a) will be dismissed as procedurally barred.

Claim 2

As his second claim, Mr. Walton contends his Sixth Amendment right to counsel

was violated when police failed to provide an attorney and instead continued to

question him after he invoked his right to counsel during interrogation.  ECF No. 1 at 6.

Mr. Walton did not raise a Sixth Amendment right-to-counsel argument before the

Colorado Court of Appeals on direct review.

Instead, on direct appeal he raised Fifth Amendment arguments concerning his

Fifth Amendment guarantee against compelled self-incrimination in his state court

appellate brief.  Specifically, Mr. Walton's claim in the state court on direct appeal was

based on the Fifth Amendment and *Miranda*.  ECF No. 9, ex. D (appellant's opening

brief on direct appeal) at 14-15.  Citing *Miranda*, 384 U.S. at 479, he argued that a

request for counsel during custodial interrogation must be "scrupulously honored."  ECF

No. 9, ex. D at 16.  He maintained the police violated his rights by failing to "cut off

questioning" upon his request for an attorney.  ECF No. 9, ex. D at 16.   Therefore, the

Colorado Court of Appeals addressed these arguments as asserting a Fifth Amendment

claim.  ECF No. 9, ex. B at 4.

Mr. Walton also did not raise the substance of this claim on postconviction

review.  *See* ECF No. 9, ex. H (appellant's opening brief on first postconviction appeal);

*see also* ECF No. 9, ex. K (appellant's opening brief following remand).  Any attempt to

present the claim at this time in a state postconviction proceeding would be rejected as successive. *See* Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). As such, the claim is procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7. Applicant has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default. Accordingly, claim 2 will be dismissed as procedurally barred.

### Claim 7(b)

As claim 7(b) Mr. Walton alleges he had ineffective assistance of counsel because trial counsel failed to argue that he was denied his Sixth Amendment right to counsel by the police's failure to abide by his request to have counsel present during his initial interrogation. ECF No. 1 at 8.

Respondents contend Mr. Walton did not raise the substance of this claim before the Colorado Court of Appeals on postconviction review. *See* ECF No. 9, exs. H and K. They contend Mr. Walton instead argued that trial counsel failed to make certain arguments pursuant to the Fifth Amendment and *Miranda*. ECF No. 9, ex. H at 16.

Mr. Walton appears generally to have raised the substance of this claim before the Colorado Court of Appeals on postconviction review. See ECF No. 9, ex. H at 11-16. Specifically, Mr. Walton alleged that he received "ineffective assistance of counsel in violation of his Sixth Amendment protections when trial counsel failed to . . . properly

14

raise a challenge to a violation of Appellant's Fifth Amendment protections." ECF No. 9, ex. H at 11. Therefore, he appears to have exhausted claim 7(b).

While Mr. Walton did not specifically discuss details of the claim he raises here, the Colorado Court of Appeals, in addressing the ineffective-assistance-of-counsel claim on postconviction appeal, stated:

> Defendant contends that he was denied effective assistance of counsel because his lawyer did not raise the issue of allegedly unlawful police questioning. However, this contention was raised and resolved in defendant's direct appeal and cannot be a basis for relief under Crim. P. 35(c). *See* Crim P. 35(c)(3)(VI); *People v. Versteeg*, 165 P.3d 760 (Colo. App. 2006) (defendant may not use Crim. P. 35(c) to relitigate an issue resolved on direct appeal).

*Walton*, 167 P.3d at 169. The contention Mr. Walton raised and resolved on direct appeal apparently are the Fifth Amendment arguments discussed in claim 2 above, i.e., the issue of allegedly unlawful police questioning.

Clearly, Mr. Walton attempted to present the underlying basis for his second claim in a new context as a Sixth Amendment ineffective-assistance-of-counsel claim, and the state appeals court rejected the attempt. *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant" with certain exceptions inapplicable here); *see also Bastardo*, 646 P.2d at 383 (stating that post-conviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). In short, the state appeals court found that Mr. Walton could not assert a claim that counsel was ineffective for failing to raise an underlying claim the court already addressed on direct appeal as without merit. *See* ECF No. 9, ex. B at 3-6. As such, the claim is procedurally defaulted. *See Coleman*, 501 U.S. at

735 n.1; *Anderson*, 476 F.3d at 1139 n.7. Applicant has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default. Accordingly, claim 7(b) will be dismissed as procedurally barred.

### Claims 8 and 9

As his eighth claim, Mr. Walton alleges that his right to due process and a fair trial was violated when the deputy supervising him at trial made him wear a "shock belt" and told him he would be shocked if he moved to view the evidence or communicate with his attorney. ECF No. 1 at 9. As his ninth claim, Mr. Walton contends his right to a fair trial before an impartial jury was violated by the trial court's substitution of a juror with an alternate juror "without advising [him] or defense counsel and/or allowing [him] all procedural protections allowed by State law/statutes." *Id.*

Mr. Walton failed to raise either claim on direct appeal. Instead, he asserted them for the first time on postconviction review. See ECF No. 9, ex. H at 17. They were dismissed as inappropriate for review because Mr. Walton could have, but did not, raise them on direct review. *See Walton*, 167 P.3d at 169 (citing Colo. R. Crim. P. 35(c)(VII) for the proposition that a court shall deny any claim that could have been presented in an appeal previously brought). As such, each claim is procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1; *Anderson*, 476 F.3d at 1139 n.7. Mr. Walton has not made the necessary showing of cause and prejudice or actual innocence to excuse his procedural default. Accordingly, claims 8 and 9 will be dismissed.

### III.  Conclusion

For the reasons stated above, the application will be denied in part.

Accordingly, it is

ORDERED that claim 10 is dismissed for failure to state a cognizable federal constitutional claim.  It is

FURTHER ORDERED that claims 1(a), 2, 7(b), 8, and 9 are dismissed as procedurally defaulted.  It is

FURTHER ORDERED that **within thirty days of the filing of the state court record** Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of the following exhausted claims:  claims 1(b), 3, 4, 5, 6(a), 6(b), 7(a), and 7(c).  It is

FURTHER ORDERED that a traverse, if any, may be filed **within thirty days of the filing of the answer**.

DATED August 29, 2013, at Denver, Colorado.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge